[No. 7,196.—Department Two.]
April 4, 1882.

## FREDERICK WEISENBORN *v.* GUSTAVE NEUMANN ET AL.

DISCRETION OF COURT IN SETTING ASIDE JUDGMENT—MISTAKE—AMENDMENT TO COMPLAINT—PROMISSORY NOTE—DEMURRER.—In an action to foreclose a mortgage the Court below set aside a judgment against the plaintiff entered upon a demurrer to the complaint, and permitted the plaintiff to file an amendment to his complaint setting up a mistake in drawing up the note sued upon.

*Held:* Assuming that the Court may in a proper case grant relief against a final judgment on demurrer, the circumstances attending the case in hand did not justify such action.

APPEAL from an order in the Superior Court of San Francisco. EDMONDS, J.

The note sued upon was as follows:

"SAN FRANCISCO, January 17, 1878.

"Five (5) years after date, without grace, I promise to pay to Frederick Weisenborn, or order, the sum of eight thousand ($8,000) dollars, payable only in gold coin of the government of the United States, for value received, with interest thereon in like gold coin at the rate of eight (8) per cent. per annum from February 1, 1878, until paid, and if not so paid, then to be added to and become a part of the principal, and thereafter bear like interest. It is understood and agreed that I can at any time pay on account of this note sums not less than one thousand dollars at a time.

"GUSTAVE NEUMANN."

The mortgage contained the following provisions: "Provided, nevertheless, that if the said party of the first part, shall well and truly pay, or cause to be paid, the said promissory note, with the interest as it shall become due and payable thereon, according to the tenor and effect thereof, then in such case, this indenture, and the estate hereby granted, shall be null and void, else to remain in full force and virtue. But it is distinctly understood and agreed, that if the interest on paid promissory note or the principal thereof shall not be punctually paid when the same becomes due and payable, as in said note mentioned, then and in such case the principal sum of said note and the interest shall be deemed and taken to be wholly due and payable."

The affidavit of John J. Mone was to the following effect: "That on or about the sixteenth day of December, 1879, Mr. R. H. Lloyd (of the law firm of Lloyd, Newlands & Wood, of which deponent is principal clerk) instructed deponent to bring a suit to foreclose the mortgage mentioned and described in plaintiff's complaint herein. That deponent knew nothing of the facts of the case at that time other than what the face of the said mortgage discloses. That deponent drew the complaint in this action, filed the same, and when the Court sustained the demurrer filed by defendant herein, he (deponent) took proceedings towards taking an appeal. Deponent at the time of bringing the suit and drawing the complaint knew nothing about the facts which would entitle the said plaintiff to have had the said mortgage reformed, other-

wise he would have requested the Court in the said complaint to reform the mortgage, and would have so drawn the complaint that the question of the right of the plaintiff to have a reformation of the mortgage would have been directly presented to the Court on the face of said complaint. That deponent did not learn the facts until a considerable time after he had in open Court waived time and declined to amend plaintiff's complaint, and a short time ago."

The affidavit of the plaintiff stated in effect that the mistake had been made as alleged; that the defendant had paid interest monthly on the note according to its supposed terms for twelve months and proceeded as follows:

" That when said note and mortgage were drawn said mortgage was read over quite hurriedly, and this deponent never knew or suspected that said omission had occurred until four or five months before the commencement of this action, when he was informed by the father of the defendant, Neumann, that the mortgage provided that the interest should be added to the principal, if not paid when due.

"Deponent further states that when this suit was commenced, it entirely escaped his attention that the complaint stated to the effect that no interest had been paid on the note and mortgage sued upon, and that deponent had no intention of making such statement. No interest has been paid on said note and mortgage except as hereinbefore mentioned."

*Wm. & Geo. Leviston,* for Appellants.

Having elected to stand on his complaint, the Court has no power to allow him to amend after judgment. (*People* v. *Jackson,* 24 Cal. 633; *Sutter* v. *San Francisco,* 36 id. 116; *McKinley* v. *Tuttle,* 34 id. 239.) Plaintiff knew of the alleged mistake, four or five months before suit was brought, and fails to state if he informed his counsel in that regard. If he did, and failed to set it up, his remedy is against them. (*Sampson* v. *Ohleyer,* 22 Cal. 210; *Hancock* v. *Pico,* 40 id, 153, and cases cited; *Smith* v. *Tunstead,* 56 id. 177, and cases cited; *Boyd* v. *Blankman,* 29 id. 43; C. C. P. § 1962.)

*Lloyd, Newlands & Wood,* and *W. C. Burnett,* for Respondent.

The information given plaintiff before the commencement

of this suit was, that the "mortgage" provided that the interest should be added to the principal, not that the "note" so provided, and was not such as necessarily to cause plaintiff to speak to his attorney about that matter when commencing suit. Mr. Mone drew the original complaint from the note and mortgage, not having been informed of the mistake, while plaintiff supposed the note and mortgage to have been drawn as agreed upon, and had not, therefore, given him, or plaintiff's attorneys, any information concerning the terms of the agreement not embodied in those instruments.

MORRISON, C. J.:

Plaintiff brought this suit to foreclose a mortgage, and defendants demurred to the complaint. The demurrer was sustained and leave was given to amend within ten days. Notice of the order was duly served on plaintiff, but he failed to amend his complaint, and final judgment was entered against him on the twenty-ninth day of January, 1880. On the seventh of April of the same year notice was served on defendants' attorney that plaintiff would move on Friday, the sixteenth day of that month, for an order, "relieving him from the order for judgment heretofore entered in said action on or about the twenty-ninth day of January, 1880, and the judgment heretofore rendered in favor of said defendant, Neumann and against said plaintiff, and setting the same aside on the ground that the same were taken and had against the plaintiff through his mistake, and also through his inadvertence and surprise, and his excusable neglect; and also for an order herein allowing the plaintiff to make and file herein an amended complaint, on the ground of mistake and inadvertence on the part of said plaintiff."

It was claimed there was a mistake in drawing the note to secure which the mortgage was given, inasmuch as by the terms of the note it was provided that the same should draw interest at the rate of eight per cent. per annum until paid, "and if not so paid, then the interest to be added to and become a part of the principal sum, and thereafter bear a like interest." The note was dated January 17, 1878, and was payable five years after date. The claim on behalf of plaintiff is

that the mistake consisted in leaving out of the note the words: *"the interest payable monthly in advance."*

On the affidavits filed in the case, the Court below set aside the final judgment on the demurrer and allowed the plaintiff to file an amended complaint. From this order, made after final judgment, this appeal is taken.

It is unnecessary for us to determine in the present case, whether such practice is to be sanctioned *in any case,* but assuming that the Court may, in a proper case, grant relief against a final judgment on demurrer, the circumstances attending the case in hand did not justify such action.

The mistake complained of was apparent on the face of the note, and was as clear on the day the note was executed, and at all other times thereafter, as it was when application was made for leave to file the amended complaint. But, in addition to this, it appears from the affidavit of the plaintiff himself, made on the hearing of the motion, that plaintiff was informed of the mistake, and had his attention called thereto *four months* before the commencement of the action.

We think that the plaintiff failed to make out such a case of mistake, surprise or excusable neglect as justified the Court below in setting aside the final judgment on demurrer, and the order to that effect, as well as the order granting plaintiff leave to file an amended complaint is reversed.

MYRICK and SHARPSTEIN, JJ., concurred.